## CHAMBERS v. PERCEFULL et al.—191 S. W. (2d) 568.

Eastern Section.   June 28, 1945.

Petition for Certiorari denied by Supreme Court, January 5, 1946.

White & Leonard, of Knoxville, for appellant.

Francis Headman, of Knoxville, for appellees.

BURNETT, J. This is an action to enforce payment of a commission of $500 due for services rendered in effecting a sale of real estate.

This cause was tried on oral testimony before the Chancellor. At the conclusion of the complainant's testimony the bill was dismissed because: "The said complainant has failed to make out a cause of action, that the privilege license held by the complainant is sufficient to allow him a recovery on the facts and circumstances developed in the testimony, and that the said complainant did not secure an enforceable contract for the sale of the property specified in complainant's bill for the benefit of the defendant, Mrs. R. G. Percefull."

Prior to the hearing on the merits as above outlined, two other defendants (the purchaser of the property and another real estate agent) were relieved as parties on their demurrers to the bill being sustained. No appeal is prayed as to this action.

The bill of exceptions (in narrative form) presents the following facts:

The complainant, a world war veteran, was granted a three months "Veteran's License" to act as a "Real Estate Agent" by the County Court Clerk of Knox County, Tennessee, on November 9, 1944. The Director of Finance of the City of Knoxville also granted him a similar license for a like period. The State license was

granted in conformity with Code, section 1253 and subsequent legislative acts. The complainant gave the required bond. Code, Section 1712.

The defendant verbally listed a certain piece of real estate in the City of Knoxville, Tennessee, with the complainant for sale. She agreed to accept $12,000 cash for this property. For some time after this listing the complainant advertised and showed the property to various people. In the latter part of November, 1944, the complainant secured a purchaser for the property at the price of $12,500. A contract was prepared for the purchaser to sign but he insisted on the owner signing, first stating "that his word was as good as his bond and that he would sure take the property." The contract was taken to the owner (defendant). "She asked to keep the contract and look it over until the next day and she would sure sign it and bring it up to my office by eleven o'clock the following day." Within a few hours thereafter another agent took her a signed contract with the same purchaser at the same price. This agent wanted a commission of $675 but upon the defendant telling him the complainant was charging her only $500 for the same sale, this agent agreed to accept the smaller amount. She refused to sign at first but "through threats, intimidation, browbeating and duress" she signed the contract. She immediately thereafter called the complainant to come to her house where she told him these facts and said "she had done something wrong and that she guessed I would feel like giving her a whipping".

Several months prior to the above mentioned listing the property in question had been listed with the agent who secured the signed contract. This contract had expired and the expiration had been agreed to by this procuring agent. She had also listed it with other

agents but their listing had expired and they do not enter this controversy. These prior listings had been at a much higher figure. The purchaser had been contracted at this higher figure by the agent who procured the signed contract. In the present state of this record it is conclusively shown without contradiction that the complainant was the procuring agent who brought these parties together and secured a purchaser at a price acceptable to the seller.

Under these facts as heretofore detailed we think the complainant was certainly entitled to a reasonable time within which to complete the contract. A seller should not be allowed to escape liability to the broker for his reasonable compensation by entering into a contract with another when the seller has knowledge of the broker's actions and promises him she will accept the fruits of his labors.

"In line with this view, it is held that the principal cannot defeat the broker's right to compensation by revoking his authority in the midst of negotiations, at least where there is strong likelihood of the negotiations being successful. Certainly commissions are due where, pending negotiations, the owner fraudulently or in bad faith revokes the agency and closes the deal with the person negotiated with by the broker. Although, according to other authorities, the principal may revoke the broker's authority while negotiations by the latter with a prospective purchaser are still in progress, provided he does so in good faith, nevertheless, where the broker's agency to sell is terminated on the eve of its successful culmination, the time of revocation is a strong indication of bad faith on the part of the owner, and unless the inference is rebutted by evidence the owner will be held liable for

commissions." 12 C. J. S., Brokers, sec. 66, subsec. c, page 154.

It was stated in argument and is stated in the briefs that since the complainant paid part of the commission for office rent and desk space that his license is void because he is not the sole beneficiary of the business. Section 1253 of the Code under which a veteran's license is granted provides that it may be granted, "provided he is the sole beneficiary of the business."

■■ We do not agree with this contention. In the first place these parties cannot raise the question. This is up to the State or sovereign who grants the license. In the second place the State by this Act is merely waiving revenue. A solvent bond and other essentials are complied with. In the third place this record shows the complainant to be the sole beneficiary of the business. Merely because he pays rent by a division of his commissions does not preclude him as being the "sole beneficiary". The Act was passed to aid "indigent" "World War" veterans and others. An arraignment as here shown is, an additional benefit to the veteran who might not be able to pay rent except for such an arraignment. If he paid a flat rental we must assume that he would do so from the commissions he earned. The set-up herein simply keeps him from being obligated for rent unless he earns.

Our conclusion therefore is that the complainant has made out a prima facie case. The cause must be remanded to the Chancery Court for a full hearing. The costs of appeal are taxed against the appellee, Mrs. R. G. Percefull. The cost below will await the outcome on the remand.

McAMIS and HALE, JJ., concur.